UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RHONDA D. LAWSON,<br><br>               Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>               Defendant. | CASE NO. C10-5102 JRC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final administrative decision.

      This matter comes before the court on defendant's motion to dismiss [Dkt. 7] for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and for untimely filing of the Complaint. Defendant filed its motion April 30, 2010, with a noting date of May 28, 2010. To date, there has been no response received from pro se plaintiff, Rhonda D. Lawson.

ORDER - 1

This is an action for judicial review of the final decision of the Social Security Administration denying plaintiff's claim for social security disability benefits under the Social Security Act, 42 U.S.C. § 401, et seq.  Defendant, the Commissioner of the Social Security Administration, moves to dismiss the complaint on the ground that plaintiff failed to file her appeal within the time period prescribed by 42 U.S.C. § 405(g).

Section 405(g) clearly states that an individual seeking judicial review of the Secretary's final administrative decision is required to file such action with the court "within sixty (60) days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g).  By regulation, the Secretary has required that any civil action be filed within sixty (60) days of receipt of the notice.  20 C.F.R. § 422.210(c).  The date of receipt is presumed to be five days after the date of notice, unless there is a reasonable showing to the contrary.  20 C.F.R. § 422.210(c).

In the instant case, the Appeals Council mailed notice of its final decision to the plaintiff on December 1, 2009.  Declaration of Joan DeVera, Chief of Court Case Preparation and Review Branch I of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration.  Dkt. # 7.  The Appeals Council's letter specifically stated:

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s} in the request.

*Id*.

ORDER - 2

As noted in the letter and under the applicable regulation, plaintiff is presumed to have received the notice five days after the notice is dated. In this case, plaintiff was presumed to have received the letter on December 6, 2009. Accordingly, to have timely brought this action, plaintiff needed to have filed her Complaint on or before February 4, 2010. Plaintiff commenced this action on February 11, 2010, seven (7) days beyond the statutory sixty (60) day limit.

Plaintiff states in her complaint that the Appeals Council denied her request for review on December 18, 2009, but provides no supporting documentation, nor has she provided any opposition to defendant's motion to dismiss. The record indicates to the contrary. Plaintiff offers no other explanation for the late filing.

The sixty-day limit for filing is not jurisdictional, but rather, the limit "constitutes a statute of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir.1987). This limitation can be tolled by "traditional equitable tolling principles," such as when the cause of action is based on duress or undue influence or when the defendant fraudulently conceals the cause of action. Bowen, 476 U.S. at 479; Vernon, 811 F.2d at 1277-78. In Vernon, for example, the plaintiff was late in filing a complaint in a similar cause of action. In that case, the plaintiff alleged that a Social Security Administration employee misinformed him about the filing deadline. Vernon, 811 F.2d at 1275. In Bowen, the plaintiffs were prevented from filing because of "the Government's secretive conduct." 476 U.S. at 481.

The plaintiff has presented no evidence to suggest that this Court should equitably toll the statutory filing period. Although plaintiff is representing herself in this proceeding, this does not relieve her of the obligation to file pleadings in a timely manner. Plaintiff was not tricked nor misled by defendant into allowing the filing deadline to pass. She, apparently, simply failed to

ORDER - 3

1  exercise due diligence in preserving her legal rights.  Given these circumstances, this court finds

2  no basis to find equitable tolling of the statute of limitations period.

     Because this action is barred by the applicable statute of limitations and there being no legal basis to justify equitable tolling of the statute, this Court GRANTS defendant's motion to dismiss and hereby ORDERS that the Complaint be DISMISSED with prejudice.

     Dated this 24th day of June, 2010.

_____
J. Richard Creatura
United States Magistrate Judge